B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Brad J. Patten, as Chapter 7 Trustee of the Estate of Mohanned Sabir and Razia Sabir | Ghazala Yasmeen Ameeruddin |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Brad J. Patten<br>P.O. Box 1098<br>Gainesville, GA 30503          (770) 536-3381 | |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Brad J. Patten, the duly appointed Chapter 7 Trustee in the above-referenced Chapter 7 case and Plaintiff in this proceeding seeks to avoid the transfer of real property pursuant to 11 U.S.C. Section 544, and seeks a return to the Bankruptcy Estate of such property or its equivalent value pursuant to 11 U.S.C. Sections 541, 542 and 550.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[1] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Mohammed Sabir and Razia S. Sabir | BANKRUPTCY CASE NO.<br>11-23399-reb | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | DIVISION OFFICE<br>Gainesville Division | NAME OF JUDGE<br>Judge Robert E. Brizendine |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>12\8\11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Brad J. Patten, Chapter 7 Trustee<br>GA Bar # 566210 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MOHAMMED SABIR, | : | CASE NUMBER 11-23399-REB |
| RAZIA S. SABIR, | : | |
| | : | JUDGE ROBERT BRIZENDINE |
| Debtors. | : | |
| | : | |
| BRAD J. PATTEN, Chapter 7 Trustee, | : | |
| of the Estate of Mohammed Sabir, | : | |
| and Razia S. Sabir, | : | |
| | : | |
| Plaintiff, | : | |
| | : | ADVERSARY PROCEEDING |
| v. | : | |
| | : | CASE NUMBER _____ |
| GHAZALA YASMEEN AMEERUDDIN, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW, Brad J. Patten, the duly appointed Chapter 7 Trustee in the above captioned Chapter 7 case, and Plaintiff in this proceeding (hereinafter the "Chapter 7 Trustee"), by and through his attorneys, and files this complaint for relief pursuant to 11 U.S.C. §§541, 542, 544 and 550, and shows as follows:

1.

This adversary proceeding is a core proceeding as defined by 28 U.S.C. §§157(b)(2)(A)(E), (F), (H), (J), and (O) and is being brought in connection with the case of Mohammed Sabir and Razia S. Sabir ("Debtors") under Chapter 7 of Title 11 of the United States Code, Case No. 11-23399-reb, now pending in this Court.

SMITH GILLIAM
WILLIAMS & MILES, PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481
www.sgwmfirm.com

2.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§541, 542, 544 and 550.

3.

Defendant Ghazala Yasmeen Ameeruddin is subject to the jurisdiction and venue of this Court and may be served with process at 1675 or 1805 Montcliff Drive, Cumming, Forsyth County, Georgia.

## STATEMENT OF FACTS

4.

On December 23, 2004, Debtors purchased a residence with a street address of 1675 Montcliff Drive, Cumming, Forsyth County, Georgia, which included improvements and all that tract or parcel of land being in Land Lot 736 of the Second District, 1st Section, Forsyth County, Georgia being Lot 474, Longlake Subdivision, Unit II, Phase I (hereinafter the "Property") from Pulte Home Corporation for $328,500.00.

5.

On February 17, 2009, Debtors conveyed the Property to Defendant by way of a quitclaim deed dated February 16, 2009, and recorded in the real estate records of Forsyth County, Georgia. Attached hereto and incorporated herein as Exhibit "A" is a copy of the quitclaim deed.

6.

Defendant is Debtors' daughter.

7.

Debtors received no consideration for the transfer of the Property to Defendant.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481
www.sgwmfirm.com

8.

The quitclaim deed confirms that no real estate transfer tax was paid upon the filing of the deed on February 17, 2009.

9.

The Property was not subject to any properly perfected liens or other encumbrances when Debtors' transferred the Property to their daughter.

10.

Debtors did not receive a reasonably equivalent value in exchange for the Property to Defendant.

11.

Debtors were indebted to numerous creditors at the time of their transfer of the Property to Defendant.

12.

Debtors were insolvent at the time of the transfer of the Property to Defendant or became insolvent as a result of the transfer.

13.

On August 18, 2011, Debtors filed a Chapter 7 bankruptcy, and Brad J. Patten was appointed as the Chapter 7 Trustee.

14.

As of the filing of the bankruptcy petition, Debtors' history of income, as represented in their statement of Financial Affairs, had been as follows: 2009 $6,331.00 employment income; 2010 $10,584.00 social security income and $4,584.00 food stamps; and 2011 $5,320.00 social security and $1,624.00 food stamps.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

15.

The Chapter 7 Trustee submits that Debtors and Defendant converted the Property in an effort to avoid Debtors' creditors.

16.

Debtors transferred the Property to Defendant with an actual intent to hinder, delay, or defraud their creditors.

17.

Debtors were engaged or about to be engaged in activities or transactions for which remaining assets were unreasonably small in relation to their activities, debts, and transactions. In addition, it appears that, at the time of the transfer, Debtors intended to incur, or were about to incur, debts beyond their ability to pay as the debts became due.

## COUNT I:
## TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. SECTIONS 541 AND 542

18.

Paragraphs 1 through 17 are incorporated herein by reference.

19.

Under 11 U.S.C. §542(a), a person in possession, custody, or control, during a bankruptcy case, of property that the Trustee may use, sell, or lease under Section 363 of [Title 11], shall deliver to the Trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

20.

Defendant should be ordered to immediately return the Property and all other assets of Debtors to the Chapter 7 Trustee.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

## COUNT II

21.

Paragraphs 1 through 20 are hereby incorporated herein by reference.

22.

A Chapter 7 trustee may avoid any transfer of an interest of a debtor in property or any obligation incurred by a debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under 11 U.S.C.A. §502 or that is not allowable only under 11 U.S.C.A. § Section 502(e).

23.

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor under O.C.G.A. §18-2-74(a), whether the creditor's claim arose before or after the transfer was made or obligation incurred, if the debtor made the transfer or incurred the obligation with an actual intent to hinder, delay, or defraud any creditor of the debtor.

24.

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, under O.C.G.A. §8-2-74(b) whether the creditor's claim arose before or after the transfer was made or obligation incurred, if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer and the debtor was engaged or was about to be engaged in a business or transaction for which remaining assets of the debtor were unreasonably small in relation to the business or transaction or intended to incur, or believed or reasonably should have believed, that debts would be incurred by the debtor beyond his or her ability to pay as they became due.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

25.

A transfer made or obligation incurred by a debtor is fraudulent under O.C.G.A. §18-2-75(a) as to a creditors whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or became insolvent as a result of the transfer or obligation.

26.

Because the transfer of the Property is one that is avoidable under O.C.G.A. §18-2-70 et. seq., as "applicable law", the Chapter 7 Trustee is permitted, pursuant to 11 U.S.C. §544, to avoid said transfer and pursuant to 11 U.S.C. §550 to obtain the return of said Property and other assets or their value to the Bankruptcy Estate for the benefit of the creditors of the Bankruptcy Estate.

27.

Creditors of Debtors, and, therefore, the Chapter 7 Trustee may set aside a fraudulent conveyance.

28.

The Chapter 7 Trustee may also recover damages resulting from the fraudulent conveyance of the Property.

29.

Debtors transferred the Property with fraudulent intent while insolvent, without receiving a reasonably equivalent value, and for the purpose of divesting the asset so that creditors would not be able to levy on Debtors' interest in the Property. Debtors transferred the Property with the intention to hinder, delay or defraud their creditors and such intention should have been known to Defendant.

Smith Gilliam
Williams & Miles PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

30.

The Chapter 7 Trustee is permitted to avoid the transfer and obtain a return of said Property or the value of the Property to the Bankruptcy Estate for benefit of creditors of the Bankruptcy Estate.

## COUNT II
## QUIA TIMET

31.

Paragraphs 1 thorough 30 are hereby incorporated herein by reference.

32.

Under O.C.G.A. §23-3-40 et seq., a proceeding in equity may be maintained for the purpose of cancelling any instrument or other iniquitous deed that cast a cloud over the complainant's title.

33.

Pursuant to 11 U.S.C. §541, any claim the Debtors may have to quiet title to the Property is property of the Bankruptcy Estate, and may be asserted by the Chapter 7 Trustee.

34.

Debtors may have deeded the Property to Defendant to hold the asset in trust for them in an effort to avoid creditors.

35.

Debtors' transfer to Defendant has created a deed that constitutes a cloud over Debtors' title to the Property and is iniquitous and should be corrected to show Debtors as the true owners.

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T. (770) 536-3381
F. (770) 531-1481

www.sgwmfirm.com

## COUNT III
## CONSTRUCTIVE TRUST

36.

Paragraphs 1 through 35 are hereby incorporated herein by reference.

37.

Under O.C.G.A. §53-12-93, a constructive trust will be implied whenever the circumstances are such that the person holding legal title to the property cannot enjoy the beneficial interest in the property without violating some established principle of equity.

38.

Defendant may have committed fraud by concealing the true state of facts regarding the Property. Allowing Defendant to enjoy the beneficial interest of the Property would be inconsistent with the Bankruptcy Code and the rights of interested parties.

39.

Pursuant to 11 U.S.C. §541 and 544, any claim the Debtors may have to imposition of a constructive trust pursuant to O.C.G.A. §53-12-93 relative to the Property is property of Debtors' Estate and may only be asserted by the Chapter 7 Trustee.

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

1) Enter an order and judgment requiring the conveyance by the Defendant to the Chapter 7 Trustee of the Property and any other assets identified herein that the Court finds that the Chapter 7 Trustee may use, sell, or lease under Section 363 of Title 11 or that the Debtors may exempt under Section 522 of Title 11;

2) Enter an order and judgment returning the Property and/or its equivalent value to the Plaintiff for administration in Debtors' Chapter 7 Estate;

SMITH GILLIAM
WILLIAMS & MILES, PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

3) Enter an order and judgment quieting title to the Property in the name of the Plaintiff;

4) Enter an order and judgment finding that Defendant holds the Property or any proceeds received from any sale of the Property in trust for the benefit of Debtors and requiring conveyance of such asset or their equivalent value to the Plaintiff for administration in Debtors' Estate;

5) Enter an order and judgment imposing a constructive trust upon the Property in favor of Plaintiff;

6) Enter an order and judgment for damages against Defendant for the value received in the fraudulent conveyance and for damages caused by the increased cost of administration due to the conversion of assets;

7) Enter an order and judgment awarding the Chapter 7 Trustee reasonable and necessary attorney's fees and costs against Defendant which fees have been incurred by reason of her fraudulent conduct herein; and

8) Enter an order providing such further relief as the Court deems just and equitable.

Respectfully submitted this ___8th___ day of ___December___, 2011.

_____
Brad J. Patten, Chapter 7 Trustee
Georgia Bar No.: 566210

P.O. Box 1098
Gainesville, Georgia 30503
(770)536-3381

SMITH GILLIAM
WILLIAMS & MILES, PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

# EXHIBIT "A"

```
Doc ID: 010913550001 Type: QLR
Filed: 02/17/2009 at 03:31:15 PM
Fee Amt: $10.00 Page 1 of 1
Transfer Tax: $0.00
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 5326 PG 194
```

Return Recorded Document to:
Law office of Ada Egbufor
6075 Roswell Road, Ste. 425
Atlanta, GA 30328

## QUITCLAIM DEED

**STATE OF GEORGIA**                                      **COUNTY OF FULTON**

THIS INDENTURE, Made the 16th day of February, 2009, between Mohammed Sabir and Razia Sultana Sabir, of the County of Forsyth, Georgia state, as party or parties of the first part, hereinafter called Grantor, and Ghazala Yasmeen Ameeruddin, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that : Grantor, for and in consideration of the sum of one dollar ($1.00) and other valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, by these presents does hereby remise, convey and forever QUITCLAIM unto the said Grantee.

### LEGAL DESCRIPTION

**All that tract or parcel of land lying and being in Land Lot 736 of the 2nd District, 1st Section, Forsyth County, Georgia, being Lot 474, Longlake Subdivision, Unit II, Phase 1, as per plat recorded at Plat Book 80, Page 72-77, Forsyth County, Georgia Records which plat is incorporated herein and made a part hereof by reference.**

This conveyance is made subject to all covenants, easements and restrictions of record.

TO HAVE AND TO HOLD the said described premises to grantee, so that neither grantor nor any person or persons claiming under grantor shall at any time, by any means or ways, have, claim or demand any right to title to said premises or appurtenances, or any rights thereof.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness

_____
Notary Public

Notary Public
Cobb County Georgia
My Commission Expires Oct. 31, 2010

_____
Mohammed Sabir

_____
Razia Sultana Sabir

IN THE UNITED STATES BANKRUTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 7** |
| | : | |
| **MOHAMMED SABIR,** | : | **CASE NUMBER 11-23399-REB** |
| **RAZIA S. SABIR,** | : | |
| | : | **JUDGE ROBERT BRIZENDINE** |
| Debtors. | : | |
| | : | |
| **BRAD J. PATTEN, Chapter 7 Trustee,** | : | |
| **of the Estate of Mohammed Sabir,** | : | |
| **and Razia S. Sabir,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | **ADVERSARY PROCEEDING** |
| v. | : | |
| | : | **CASE NUMBER** _____ |
| **GHAZALA YASMEEN AMEERUDDIN,** | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned Brad J. Patten, Chapter 7 Trustee in the above styled bankruptcy certifies that I am and at all times hereinafter mentioned was more than eighteen (18) years of age, and that on the ___8th___ day of ___November___, 2011, I served the **Summons** and a copy of the **Complaint** in the above-captioned proceedings to the below by sending a copy of same in United States Mail in an envelope properly addressed with adequate postage thereon to ensure delivery to:

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Bob J. Phillips
B. Phillips & Associates, P.C.
Suite 4227
410 Peachtree Parkway
Cumming, GA  30041-7554

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com

W. Douglas Jacobson
Cummings & Kelley PC
PO Box 2758
Gainesville, GA 30503-2758

This ___8th___ day of ___November___, 2011.

_____
Brad J. Patten, Chapter 7 Trustee
Georgia Bar Number 566210

SMITH GILLIAM
WILLIAMS & MILES PA
Attorneys at Law
200 OLD COCA-COLA BLDG.
301 GREEN STREET, NW
GAINESVILLE, GEORGIA 30501

MAILING ADDRESS:
P.O. BOX 1098
GAINESVILLE, GEORGIA 30503

T: (770) 536-3381
F: (770) 531-1481

www.sgwmfirm.com